USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 12/15/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
IRIVING H. PICARD,                  :
                                    :
         Plaintiff,                 :
                                    :   No. 20 Civ. 10109 (JFK)
   -against-                        :
                                    :      OPINION & ORDER
SAGE REALTY, et al.,                :
                                    :
         Defendants.                :
                                    :
------------------------------------X
IRVING H. PICARD,                   :
                                    :
         Plaintiff,                 :
                                    :
   -against-                        :   No. 20 Civ. 10057 (JFK)
                                    :
SAGE ASSOCIATES, et al.,            :      OPINION & ORDER
                                    :
         Defendants.                :
                                    :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

A bench trial in this action is set to begin on January 18, 2022. Before the Court is the Plaintiff Irving H. Picard's (the "Trustee") "Motion in limine Number 2," seeking to exclude certain exhibits the Defendants plan to admit in evidence and preclude the Defendants' sole witness, Defendant Malcolm Sage, from testifying about those exhibits. (Notice of Motions in Limine, ECF No. 49; Mem. of L. in Support of Motion in Limine Number 2, ECF No. 51.) The individual and entity Defendants, Sage Associates, Sage Realty, Malcolm Sage, Martin Sage, and Ann Sage Passer (the "Defendants") oppose the motion. (Mem. of L.

1

in Opp'n, ECF 66.)  For the reasons set forth below, the Trustee's motion is DENIED.

## I. Background

The Court assumes familiarity with the facts of this case, which are set out in greater detail in Judge Alison J. Nathan's May 18, 2021, Opinion and Order granting the Defendants' motion to withdraw the bankruptcy reference.  See Picard v. Sage Realty, No. 20 Civ. 10057 (AJN), 2021 WL 1987994, at *1 (S.D.N.Y. May 18, 2021).  The Court summarizes here the facts that are relevant to the consideration of the pending motion in limine.

Following Bernie Madoff's arrest for securities fraud on December 11, 2008, Bernard L. Madoff Investment Securities LLC ("BLMIS") was placed into liquidation proceedings pursuant to the Securities Investor Protection Act ("SIPA").  See SEC v. Madoff, No. 08 Civ. 10791 (LLS) (S.D.N.Y. Dec. 15, 2008). Irving H. Picard was appointed as a trustee for the SIPA liquidation and, in accordance with the SIPA, he removed the proceedings to the United States Bankruptcy Court for the Southern District of New York.  During a subsequent investigation of BLMIS, the Trustee found that the overwhelming majority of BLMIS's purported "profits" were fictitious and the product of a "traditional Ponzi scheme."  See Sage Realty, 2021 WL 1987994, at *1.

Beginning in 2010, the Trustee commenced adversary proceedings against former BLMIS customers who withdrew more funds from their BLMIS accounts than they deposited over the course of the account's existence.  See id. at *2.  In these actions, the Trustee sought to avoid and recover the difference between the withdrawals and the deposits, arguing that the "fictitious profits" constitute intentional fraudulent transfers under 11 U.S.C. § 548(a)(1)(A).  Id.

As a part of this effort, the Trustee brought the instant consolidated actions to avoid and recover allegedly fraudulent transfers made by BLMIS to the Defendants in the two years prior to BLMIS's filing for bankruptcy.  Id.  Pursuant to Sections 548 and 550 of the Bankruptcy Code, the Trustee seeks to avoid and recover a $13,510,000 transfer to Defendant Sage Associates and a $3,370,000 transfer to Defendant Sage Realty, and to hold the individual defendants, Malcolm Sage, Martin Sage, and Ann Sage Passer, jointly and severally liable for those transfers in their alleged capacities as partners or joint venturers.  Id.

The Defendants raise several affirmative defenses in response to the Trustee's claims.  The Defendants' primary defense is that, unlike the majority of BLMIS clients, they directed and authorized BLMIS to buy and sell specific securities and to hold those securities in their accounts.  Id. at *4.  According to the Defendants, because "the returns in the

Sage Associates accounts mirrored the returns" of the directed trades, they are entitled to retain the purported profits under the SIPA, regardless of whether or not the trades in question were actually executed.  (Mem. of L. in Opp'n at 1.)

In support of this defense, the Defendants have included nine charts and graphs in their exhibit list that purport to reflect the margin debt in the Defendants' BLMIS accounts, monthly percentage increases and decreases in equity in the accounts, and comparisons of the performance of the accounts relative to the Standard and Poor's 500 and Dow Jones indices.[1] (Mem. of L. in Opp'n at 7-13.)  The exhibits are as follows:

1. Exhibit DX-DA is a chart titled "Sage Associates Margin Interest March 1984 – December 2007."  (Brown Decl. Ex. 13.)
2. Exhibit DX-DK is a bar graph titled "Sage Associates Yearly Equity Growth 1983-2007."  (Id. Ex. 14.)
3. Exhibit DX-DL is a printout of an Excel spreadsheet containing "Sage Associates Monthly Equity Value Calculations."  (Id. Ex. 15.)
4. Exhibit DX-DM is a line graph titled "Historical Yearly Equity Growth: Sage Associates vs S&P and Dow."  (Id. Ex. 16.)
5. Exhibit DX-DN, also titled "Historical Yearly Equity Growth: Sage Associates vs S&P and Dow," is a chart that compares the performance of the Sage Associates account with the S&P 500 and Dow Jones for each year between 1983 and 2007.  (Id. Ex. 17.)

---

[1] As the Trustee notes in the instant motion in limine, the Defendants' exhibits simply refer to the "S&P" and fail to specify whether the referenced index is the Standard and Poor's 100 or the Standard and Poor's 500. (Trustee Mem. of L. in Support at 12.)  The Defendants, in their Memorandum of Law in Opposition, clarify that the exhibits refer to the "S&P 500."  (Mem. of L. in Opp'n at 7 n.2.)

4

6. Exhibit DX-DO is a line graph titled "Historical Monthly Equity Growth: Sage Associates."  (Id. Ex. 18.)
7. Exhibit DX-DP is a chart titled "1987 Market Crash: Sage Associates."  (Id. Ex. 19.)
8. Exhibit DX-DQ is a line graph titled "1987 Crash: 22 Months for Sage Associates to Recover."  (Id. Ex. 20.)
9. Exhibit DX-KF is a chart titled "Alleged Equity Price Analysis for the Sage Accounts November 1978 to November 2008 . . . Analysis of Dubinsky Exhibit 2."  (Id. Ex. 21.)

These various charts and graphs were created by Defendant Malcolm Sage ("Malcolm") for the purpose of this litigation and Malcolm intends to testify about the exhibits during the trial. The Defendants did not disclose any experts in this case pursuant to Rule 26 of the Federal Rules of Civil Procedure. (Mem. of L. in Support at 3.)  Malcolm is the Defendants' sole trial witness.

In the instant motion, the Trustee argues that the proffered charts and related testimony are expert opinion testimony and should be excluded under Fed. R. Civ. P. 26(a)(2) because the Defendants failed to provide the required pretrial expert disclosures.  (Id.)  Specifically, the Trustee argues that the exhibits and related testimony are "rife with specialized explanations or interpretations which can only be offered through an expert witness."  (Reply Mem. of L. in Support, ECF No. 73 at 3.)  The Trustee additionally argues that the proffered exhibits are inadmissible as either fact testimony or lay opinion testimony because they directly rebut the

5

opinions of the Trustee's expert witness, Bruce Dubinsky, and are based on Malcolm's "after-the-fact" analysis of information "outside of his personal knowledge." (Mem. of L. in Support at 7–15.)

In response, the Defendants argue that the exhibits and related testimony are admissible as summaries of voluminous factual information and demonstrative evidence under Fed. R. Evid. 1006 and Fed. R. Evid. 611. (Mem. of L. in Opp'n. at 1.) According to the Defendants, Malcolm is a "fact witness, not an expert . . . [and] [h]is testimony—along with the graphics that he uses to illustrate his testimony—are facts, not opinions." (Id. at 4.) The Defendants also argue that, "[t]o the extent that Malcolm's testimony, charts, or graphs contain any opinions, they are lay opinions admissible under FRE 701." (Id.) According to the Defendants, the exhibits are based on Malcolm's "first-hand knowledge and involvement" in the Sage Associates account and do not reflect "technical or specialized knowledge" that would fall within the scope of Rule 702. (Id. at 2.) Finally, the Defendants argue that even if the Court finds that Malcolm is an expert witness, exclusion of the proffered exhibits and testimony is not warranted under Fed. R. of Civ. P. 26(a). (Id. at 18-19.)

**I. Applicable Law**

"The purpose of a motion in limine is to allow the trial court to rule in advance on the admissibility and relevance of certain forecasted evidence." United States v. Chan, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (citing Luce v. United States, 469 U.S. 38, 41 n.4 (1984)).  A district court "should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." United States v. Ozsusamlar, 428 F. Supp. 2d 161, 164-65 (S.D.N.Y. 2006) (citations omitted)).  A court's determination of a motion in limine is preliminary and may be subject to change as the case unfolds.  See Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

In a bench trial, there is no "concern for juror confusion or potential prejudice," as the court is the trier of fact. Tiffany (NJ) Inc. v. eBay, Inc., 576 F. Supp. 2d 457, 458 n.1 (S.D.N.Y. 2007).  Accordingly, the court has "considerable discretion in admitting . . . proffered testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited . . . ." Id.; see also Lehman Bros. Holdings, Inc. v. United States, No. 10 Civ. 6200 (RMB), 2014 WL 715525, at *2 (S.D.N.Y. Feb. 24, 2014) ("The Government will have the opportunity to object to any Experts' testimony in its post-trial Findings of Fact and Conclusions of Law, and the

Court reserves its discretion to strike such testimony on any applicable grounds").

Under Federal Rule of Civil Procedure 26(a)(2), a party is required to disclose the identity of any expert witness it may use at trial and provide "an expert report giving, among other things, a complete statement of all opinions the witness will express and the basis and reasons for them." Brutton v. United States, 687 F. App'x 56, 57-58 (2d Cir. 2017) (citation and internal quotation marks omitted).  Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part, that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or harmless."  In considering whether to preclude proffered testimony under Fed. R. Civ. P. 37(c)(1), courts consider "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, and (3) the presence or absence of bad faith or willfulness in failing to comply with the rule." Wantanabe Realty Corp. v. City of New York, No. 01 Civ. 10137 (LAK), 2004 WL 169751, at *2 (S.D.N.Y. Jan. 28, 2004).

**II. Analysis**

At this juncture, the Court is inclined to agree with the Trustee's argument that the proffered exhibits and related testimony are undisclosed expert testimony only admissible under Fed. R. of Evid. 702. The exhibits are based, in large part, on Malcolm's after-the-fact research into historical securities pricing information and various calculations that are arguably not the product of "a process of reasoning familiar in everyday life." United States v. Cut, 720 F.3d 453, 457 (2d Cir. 2013). Additionally, it appears that several of the exhibits—particularly exhibit DX-KF—were created to rebut the testimony of the Trustee's expert, Mr. Dubinsky, who was properly disclosed by the Trustee under Rule 26(a). See Complaint of Kreta Shipping, S.A., 181 F.R.D. 273, 276–77 (S.D.N.Y. 1998) ("[R]ebuttal expert testimony is not excepted from the reporting requirements of Rule 26(a)(2)(B)").

Nevertheless, despite the Defendants' non-compliance with Rule 26(a), the Court concludes that exclusion of the proffered evidence is not appropriate at this time. As the Defendants note in their Memorandum of Law in Opposition, courts in this District have recognized that "the imposition of sanctions" for a violation of Rule 26(a) "is discretionary, and preclusion will be ordered only in rare cases." Semi-Tech Litig. LLC v. Bankers Trust Co., 219 F.R.D. 324, 325 (S.D.N.Y. 2004) (footnote omitted); see Arista Recs. LLC v. Lime Grp. LLC, 784 F. Supp. 2d

398, 417 (S.D.N.Y. 2011). "Before granting the 'extreme sanction of preclusion,' a court should 'inquire more fully into the actual difficulties which the violation causes.'" Rosado v. Soriano, No. 16 Civ. 3310 (RA), 2021 WL 4192863, at *1 (S.D.N.Y. Aug. 6, 2021) (quoting Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988).

The Trustee's principal argument in support of preclusion is that he has been denied the opportunity to "test[]" the exhibits prior to trial and challenge the exhibits under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). (Mem. of L. in Support at 13.) Because these consolidated cases will be tried to the bench, the Trustee's Daubert related concerns are without merit. See Victoria's Secret Stores Brand Mgmt., Inc. v. Sexy Hair Concepts, LLC, No. 07 Civ. 5804 (GEL), 2009 WL 959775, at *8 n.4 (S.D.N.Y. Apr. 8, 2009) ("In the context of a bench trial . . . there is no possibility of prejudice, and no need to protect the factfinder from being overawed by 'expert' analysis"); see also New York v. Solvent Chem. Co., 83 Civ. 1401 (JTC), 2006 U.S. Dist. LEXIS 65595 (W.D.N.Y. Sept. 12, 2006) (noting that the "primary purpose of the holdings in Daubert and Kumho Tire is to protect juries from being bamboozled by technical evidence of dubious merit [and] this is not a prevailing concern where . . . the court functions as the trier of fact" (citations and internal quotation marks omitted)).

Accordingly, the Trustee is left only with his concerns about unfair surprise and his inability to challenge the proffered exhibits prior to cross-examination. In order to ameliorate these concerns and "avoid surprise or trial by ambush," Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002), the Court will condition the admission of the exhibits and related testimony on the Defendants making Malcolm available for a deposition, by video or in person, before the first day of the trial. To accommodate Malcolm's deposition, the Court will move the start of the trial from January 18, 2022, to January 19, 2022. The Court orders that the Defendants make Malcolm available for a deposition on or before January 12, 2022, if the Defendants wish to use the exhibits identified in the Trustee's Motion in limine Number 2.

For the foregoing reasons, the Trustee's Motion in limine Number 2 (ECF No. 52) is DENIED on the condition that the Trustee is given the opportunity to depose Malcolm Sage for at least six hours. It is FURTHER ORDERED that the bench trial in this matter will begin on January 19, 2022, at 11:30 AM.

**SO ORDERED.**

Dated:   New York, New York
         December 15 2021

_____
John F. Keenan
United States District Judge