```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
IRVING H. PICARD,                         :
                                          :    20cv10057 (DLC)
                         Plaintiff,       :
                                          :    OPINION AND
               -v-                        :       ORDER
                                          :
SAGE ASSOCIATES, et al.,                  :
                                          :
                         Defendants.      :
                                          :
----------------------------------------- X
```

APPEARANCES:

Movants Malcolm Sage and Lynne Florio, appearing pro se

For trustee Irving H. Picard:
David J. Sheehan
Seanna R. Brown
James H. Rollinson
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10111

DENISE COTE, District Judge:

In April 2022, a judgment was entered in favor of the trustee and plaintiff, Irving H. Picard. Defendant Malcolm Sage and his wife, nonparty Lynne Florio, have moved to vacate the judgment pursuant to Rule 60(d)(3), Fed. R. Civ. P. That motion is denied.

## Background

This action resulted from the Ponzi scheme perpetrated by Bernard L. Madoff. In December 2008, Irving H. Picard was

appointed as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), and was tasked with recovering the assets that Madoff had misappropriated.  As part of that effort, the trustee pursued recovery of transfers Madoff made to certain BLMIS customers that had withdrawn more money from their accounts than they had deposited into them, who are referred to as "net winners" -- though, to be sure, they too are victims of Madoff's scheme.  The net equity of BLMIS customers is generally determined through the "net investment method."  See In re Bernard L. Madoff Inv. Sec. LLC, 654 F.3d 229, 233-35 (2d Cir. 2011).

The trustee determined that the defendants in this action were "net winners" and brought adversary proceedings against them in bankruptcy court.  The trustee sought to hold the individual defendants -- Malcolm Sage ("Sage") and his siblings, Martin Sage and Ann Sage Presser -- jointly and severally liable as general partners of the entity defendants, Sage Associates and Sage Realty.

The defendants asserted two central arguments in the prior litigation that are relevant here.  First, they argued that the net investment method should not apply to them because, unlike other BLMIS customers, they directed Madoff to purchase the

securities that were reflected in their BLMIS accounts.  Second, they argued that there should be no joint and several liability because Sage Associates and Sage Realty are neither partnerships nor de facto partnerships.

An Opinion of May 18, 2021 by the Honorable Alison J. Nathan withdrew the reference of the relevant proceedings from bankruptcy court.  Picard v. Sage Realty, No. 20cv10057, 2021 WL 1987994, (S.D.N.Y. May 18, 2021).  This action proceeded to a bench trial that ended on February 2, 2022.  An Opinion of April 15, 2022 by the Honorable John F. Keenan entered judgment in favor of the trustee and found the defendants jointly and severally liable in the amount of $16,880,000.  Picard v. Sage Realty, No. 20cv10057, 2022 WL 1125643 (S.D.N.Y. Apr. 15, 2022).  Judge Keenan determined, inter alia, that it was appropriate to apply the net investment to the defendants and that Sage Associates and Sage Realty are de facto partnerships.  Following an appeal by Sage, that decision was affirmed by the Second Circuit.  In re Bernard L. Madoff Inv. Sec. LLC, No. 22-1107, 2023 WL 5439455 (2d Cir. Aug. 24, 2023).

On July 1, 2025, Sage and his wife, nonparty Lynne Florio, filed a pro se motion, accompanied by a lengthy memorandum, requesting that the judgment be vacated pursuant to Rule

3

60(d)(3), Fed. R. Civ. P.[1]  This action was reassigned to this Court on July 10.  The trustee filed an opposition on August 8.  On August 29, Sage and Florio filed a reply accompanied by declarations.  Sage filed an additional letter on September 12, and Florio filed an additional letter on September 25.

### Discussion

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d)(3).  This "embraces a narrow and extreme set of conduct which defiles the court itself so that the judicial machinery can not perform in the usual manner."  In re Enf't Of Philippine Forfeiture Judgment Against All Assets Of Arelma, S.A., -- F.4th --, 2025 WL 2383067, at *11 (2d Cir. Aug. 18, 2025) (citation omitted).  To demonstrate fraud on the court, a movant must show that (1) the opposing party "interfered with the judicial system's ability to adjudicate impartially"; and (2) the acts of the opposing party were "of such a nature as to have prevented the [movant] from fully and fairly presenting a case or defense."  Id. (citation omitted).  The latter element reflects "the deference owed to

---

[1] Sage and Florio explain that the trustee is seeking to recover their assets in other litigation.  In particular, the trustee seeks to recover two-thirds of their home, which was combined from three apartments, by having it separated back into three apartments and obtaining two of those apartments.

the finality of judgments and respect for the adversarial process." Mazzei v. The Money Store, 62 F.4th 88, 94 (2d Cir. 2023). Fraud on the court must be proven by clear and convincing evidence. Marco Destin, Inc. v. Levy, 111 F.4th 214, 219-20 (2d Cir. 2024).

Relief is not available under Rule 60(d)(3) if the movant "had a reasonable opportunity to uncover the fraud" in the prior litigation, or if the movant otherwise "could have prevented the fraudulent judgment through proper diligence." Id. at 220 (citation omitted). Moreover, "neither perjury nor nondisclosure [of discovery], by itself, amounts to anything more than fraud involving injury to a single litigant." Gleason v. Jandrucko, 860 F.2d 556, 560 (2d Cir. 1988).

Sage and Florio have not shown that there was fraud on the court. At its core, their motion reasserts arguments that the defendants pursued throughout this litigation: that there should be no joint and several liability, and that the net investment method should not apply. But those arguments have been considered and rejected, both by the trial court and on appeal. Sage and Florio have not shown that the judicial machinery failed to perform in the usual manner. Their effort to reopen litigation of the merits through a Rule 60(d)(3) motion must be rejected.

5

Sage and Florio also accuse the trustee's counsel of perjury, misciting precedent, and various other misconduct. They claim that such conduct had the effect of misleading Judge Keenan and a unanimous panel of three judges of the Second Circuit.  Those arguments fail.  To begin with, the record reflects that Judge Keenan and the Second Circuit were thoroughly engaged with the issues in this litigation when they rejected the defendants' arguments.  In any event, even if Sage and Florio's accusations against the trustee's counsel were proven, including their accusations of perjury, that still would not rise to the extreme level of fraud on the court.  The judicial system remained impartial in its adjudication of the dispute, and there is no basis to disturb the finality of the judgment.

Sage and Florio argue as well that the defendants were not given a sufficient opportunity to present certain evidence in the prior litigation.  But, even if those assertions were proven, that also would not amount to fraud on the court. Moreover, Sage and Florio have not shown that the defendants, who were represented by competent counsel, were prevented in the prior litigation from fairly presenting their case or deprived of the usual opportunities to seek to redress the evidentiary issues that Sage and Florio describe.

6

Sage and Florio also request relief other than vacatur of the judgment, including dismissal of other litigation. Rule 60(d)(3) does not provide for such relief.

## Conclusion

Sage and Florio's July 1, 2025 motion to vacate the judgment pursuant to Rule 60(d)(3) is denied.

Dated:   New York, New York
         October 16, 2025

                              _____
                                      DENISE COTE
                              United States District Judge