```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
IRVING H. PICARD,                          :
                                           :     20cv10057 (DLC)
                        Plaintiff,         :
                                           :         ORDER
             -v-                           :
                                           :
SAGE ASSOCIATES, et al.,                   :
                                           :
                        Defendants.        :
                                           :
----------------------------------------- X
```

DENISE COTE, District Judge:

An Opinion of April 15, 2022 by the Honorable John F. Keenan entered judgment in favor of the trustee and plaintiff, Irving H. Picard. That decision was affirmed by the Court of Appeals. On July 1, 2025, defendant Malcolm Sage and his wife, nonparty Lynne Florio, filed a pro se motion requesting that the judgment be vacated pursuant to Rule 60(d)(3), Fed. R. Civ. P. An Opinion of October 16 denied that motion. On October 30, Sage and Florio filed a motion for reconsideration of the October 16 Opinion.

The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. (citation

omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

Sage and Florio do not identify any intervening case law, pertinent information that the Court overlooked, or clear error. Their motion instead seeks to relitigate old issues, which is not a basis for reconsideration.

Sage and Florio primarily argue that the Court "overlooked" evidence proving that Sage Associates and Sage Realty were not partnerships or de facto partnerships. But such arguments were raised prior to the October 16 Opinion and, indeed, were a focal point of the prior litigation. The Court did not overlook these arguments in the October 16 Opinion. Even if Sage and Florio were now able to prove that evidence supports their legal arguments regarding partnership status, that cannot suffice to show fraud on the court.

2

Sage and Florio also accuse the trustee of engaging in misrepresentation and misconduct. Such arguments were also raised prior to the October 16 Opinion and were not overlooked. As explained in the October 16 Opinion, Sage and Florio's accusations against the trustee and his counsel cannot alter the conclusion that there has been no showing of fraud on the court.

Sage and Florio bring new requests for relief under Rules 59(e), 60(b), and 60(d)(1), as well the Court's inherent powers. These are new theories that may not be considered on a motion for reconsideration. Even if they could, Sage and Florio have not shown that relief would be available under any of these grounds. Accordingly, it is hereby

ORDERED that Sage and Florio's October 30, 2025 motion for reconsideration is denied.

Dated:   New York, New York
         November 4, 2025

                                    _____
                                         DENISE COTE
                                    United States District Judge